UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH ANN BUCZEK,

                Plaintiff,

v.                                  **DECISION AND ORDER**
                                             16-CV-268S

SETRUS LLC, ET AL.,

                Defendants.

1.      Plaintiff Deborah Ann Buczek filed this *pro se* action[1] on April 4, 2016, alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the New York Fair Debt Collection Practices Act, N.Y. Gen. Bus. Law § 601, during the course of a state foreclosure action filed by Defendant HSBC N.A. USA.

2.      On March 20, 2017, this Court screened Buczek's complaint consistent with the provisions of 28 U.S.C. § 1915 (e)(2)(B) and determined that she failed to properly state claims under both statutes. (Docket No. 3.) But rather than dismiss Buczek's federal claims, this Court granted her leave to file an amended complaint to afford her the opportunity to properly state claims under the Fair Debt Collection Practices Act. (Docket No. 3.) This Court denied leave to amend as to claims under the New York Fair Debt Collection Practices Act, because that statute contains no private right of action. See Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 515 (S.D.N.Y. 2016).

3.      On April 10, 2017, Buczek filed a Motion for Reconsideration, or in the alternative, for an Extension of Time to file her amended complaint. (Docket No. 4.)

---

[1] Buczek's *pro se* status entitles her submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Buczek's submissions accordingly.

Buczek thereafter filed a supplemental motion to extend time (Docket No. 5), which this Court granted (Docket No. 6), thereby leaving only Buczek's request for reconsideration pending for resolution. By requesting reconsideration, Buczek presumably objects to the dismissal of her state claims, yet she offers no authority establishing a private right of action under the governing statute. Her motion must therefore be denied.

4. A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

5. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one

additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

6. Upon consideration of Buczek's Motion for Reconsideration, this Court is not convinced that its March 20, 2017 Decision and Order must be revisited. Buczek has not persuasively alleged any of the three circumstances under which reconsideration may be warranted. See Virgin Atl. Airways, 956 F.2d at 1255. Instead, she simply reargues and reiterates her baseless positions and continues to extol irrelevant theories. These arguments have already been raised and rejected.

7. Buczek is obviously dissatisfied with this Court's decision. But use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F. Supp. 2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F. Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"). Accordingly, reconsideration is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 4) is DENIED.

SO ORDERED.

Dated: May 12, 2017
      Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge