UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH A. BUCZEK,

                            Plaintiff,

v.                                                      **DECISION AND ORDER**
                                                                   16-CV-268S

SETERUS LLC, ET AL.,

                            Defendants.

## I. INTRODUCTION

Presently before this Court for screening under 28 U.S.C. § 1915 (e)(2)(B) is pro se Plaintiff Deborah A. Buczek's amended complaint, filed on June 12, 2017. Upon initial screening, this Court found that Buczek may be able to state a claim or claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., if permitted to amend her complaint. (Docket No. 3.) In particular, this Court directed that "Buczek must allege specific facts as to each individual defendant supporting the allegations that they are debt collectors within the meaning of the FDCPA and that they took some action within the statute of limitations period that violated a specific provision of the FDCPA." (Id.) For the reasons stated below, Plaintiff's FDCPA claims will proceed against the parties identified below, the remaining parties and causes of action will be dismissed, and service will be ordered.

## II. BACKGROUND

Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594,

1

596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Buczek is proceeding pro se, this Court has considered her submissions and arguments accordingly.

Under 28 U.S.C. § 1915 (e)(2)(B), a court must dismiss a case in which *in forma pauperis* status has been granted if, at any time, the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. If the court plainly lacks jurisdiction to consider the complaint, dismissal of the complaint as "frivolous" under 28 U.S.C. § 1915 (e)(2) is proper. See McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996). The screening process is intended to be "an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

Section 1915 (e)(2)(B) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure allow for dismissal of a complaint for failure to state a claim upon which relief can be granted. Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. FED. R. CIV. P. 8 (a)(2). "Specific facts are not necessary;" the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)) (internal quotation and citation omitted). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 555.

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; FED. R. CIV. P. 8 (a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950. First, statements that are not entitled to

3

the presumption of truth, such as conclusory allegations, labels, and legal conclusions, are identified and stripped away.  See id.  Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

In pro se actions, the United States Supreme Court has rejected the idea that the plausibility standard requires amplification with factual allegations to render the claim plausible.  In Erickson, the Supreme Court reversed the dismissal of a prisoner's Eighth Amendment claim, holding that the court of appeals had "depart[ed] from the liberal pleading standards" of Rule 8(a).  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson, 127 S. Ct. at 2200).  Although the Court did not clarify when the plausibility standard requires factual amplification, it noted that "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson, 127 S. Ct at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Upon determination that a *pro se* complaint is deficient, a court will generally afford the plaintiff an opportunity to amend or to be heard before dismissal, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  Abbas*,* 480 F.3d at 639 (2d Cir. 2007) (quoting Gomez v. USAA Fed. Savings Bank*,* 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

In her amended complaint, Buczek purports to assert claims against numerous individuals and entities under the FDCPA and several other statutes arising out of the

4

prosecution of a state foreclosure action filed against her on July 2, 2015. While Buczek references "all defendants" throughout her amended complaint, see, e.g. Amended Complaint, ¶¶ 21-27, she specifically alleges claims against only six of them as discussed below.

Buczek alleges that Defendants Rosicki, Rosicki & Associates, PC ("Rosicki") and Tina M. Genovese filed the foreclosure action at the request of Defendant HSBC N.A. USA. (Amended Complaint, ¶ 3.) Buczek further alleges that Rosicki, Genovese, and HSBC filed false and fraudulent documents in the course of the foreclosure proceeding, in conjunction with Defendants Angela Venner, Jessica Bookstaver, and Seterus, LLC. (Id. at ¶¶ 3-7, 11, 17.) Buczek alleges that each of these defendants is a "debt collector" under the statute, and that this conduct violates the FDCPA. (Id. at ¶¶ 8-11; 21-27.)

### III. DISCUSSION

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692 (e) (noting that the purpose of the FDCPA is "to eliminate abusive debt collection practices"). Notably, the FDCPA governs only debt collectors; "creditors are not subject to the FDCPA." Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998); 15 U.S.C. § 1692a (6)(F).

To assert a claim under the FDCPA, a plaintiff must allege that (1) he or she is a "consumer" within the meaning of the FDCPA, (2) the defendant is a "debt collector" within the meaning of the FDCPA, and (3) the defendant violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015). FDCPA claims have a one-year statute of limitations. See 15 U.S.C. 1692k (d).

A "consumer" under the FDCPA is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a (3). Buczek adequately alleges that she is a consumer within the meaning of the FDCPA. (Amended Complaint, ¶ 19.)

A "debt collector" under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (6). This includes attorneys. See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56, 60 (2d Cir. 2004) ("The Supreme Court has made it clear that the FDCPA applies to attorneys 'regularly' engaging in debt collection activity, including such activity in the nature of litigation.") (quoting Heintz v. Jenkins, 514 U.S. 291, 299, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)). Not included in the definition of "debt collector," however, is "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a (6)(A). Also not included is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a (6)(F). Here, Buczek sufficiently alleges that the defendants are "debt collectors" within the meaning of the FDCPA. (Amended Complaint, ¶¶ 20, 21.)

Finally, Buczek adequately alleges that six defendants violated the FDCPA in connection with the foreclosure proceedings. See Cohen v. Rosicki, Rosicki, & Assocs., P.C., 897 F.3d 75, 82 (2d Cir. 2018) (holding that a foreclosure action is an "attempt to collect a debt" under the FDCPA). In its previous Decision and Order, this Court warned Buczek that she "must allege specific facts as to each individual defendant . . . that they

6

took some action within the statute of limitations period that violated a specific provision of the FDCPA." (Docket No. 3.) Employing a generous reading of the amended complaint, the only defendants whom Buczek identifies as having acted are Rosicki, Genovese, HSBC N.A. USA, Venner, Bookstaver, and Seterus, LLC. For purposes of screening, this Court finds that Buczek has adequately alleged that each of these defendants violated the FDCPA in the ways set forth in paragraphs 22-27 of the amended complaint within the statute of limitations period.[1] Buczek's FDCPA claims against them will therefore proceed to service.

Buczek has not, however, adequately alleged any claims against the numerous other named defendants, despite having the benefit of this Court's instruction on how to do so. Aside from appearing in the caption, none of these defendants are named anywhere in the amended complaint, nor are they alleged to have taken any action in violation of the FDCPA. So too, Buczek does not set forth any viable claims under the *criminal* statutes she references in her amended complaint against any of the defendants. (See, e.g., Amended Complaint, ¶¶ 8, 18, 36 (citing criminal RICO, mail fraud, wire fraud, and bank fraud statutes).) Accordingly, these defendants and these claims will be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's FDCPA claims against Rosicki, Genovese, HSBC N.A. USA, Venner, Bookstaver, and Seterus, LLC will proceed to

---

[1] Whether the alleged conduct actually occurred during the statute of limitations period remains to be seen. Buczek filed this action on April 4, 2016, making any claims arising before April 4, 2015, untimely. Here, however, Buczek alleges that the foreclosure proceeding was commenced on July 2, 2015 (within the statute of limitations period), and it appears that the complained of actions are alleged to have been taken within the foreclosure proceedings after that date.

service.[2]  The remaining parties and causes of action will be dismissed for failure to state a claim upon which relief can be granted.

**V.  ORDERS**

IT HEREBY IS ORDERED, that the Clerk of Court send Plaintiff six service packets (USM-285 forms) and six blank summonses, one for each remaining defendant.  Plaintiff must promptly complete these forms and return them to the Clerk of Court, who will then forward them to the United States Marshals Service so that the Marshals Service can properly effectuate service.

FURTHER, that the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the summons, amended complaint, this Court's previous decision (Docket No. 3), and this Decision and Order upon Defendants Rosicki, Genovese, HSBC N.A. USA, Venner, Bookstaver, and Seterus, LLC, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

FURTHER, that any claims brought under criminal statutes, including criminal RICO, mail fraud, wire fraud, and bank fraud, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

FURTHER, that the following defendants are DISMISSED from this action for Plaintiff's failure to state a claim against them:

>    Susan Moore, *HSBC Employee and an Individual*
>    Deborah C. Cox, *HSBC Employee and an Individual*
>    Francis Y. King, *HSBC Employee and an Individual*
>    Eleanor Smith, *HSBC Employee and an Individual*
>    Carol L. Lockwood, *An Officer of HSBC and an Individual*
>    Rose Vianna, *HSBC Employee and an Individual*

---

[2] In permitting these claims to proceed to service, this Court expresses no opinion concerning whether any of them could survive a dispositive motion.

8

Cynthia G. Rosicki, *An Attorney and an Individual*
Thomas P. Rosicki, *An Attorney and an Individual*
Kenneth Sheehan, *An Attorney and an Individual*
Melissa S. Kubit, *An Attorney and an Individual*
Sarah Barbossa, *An Employee/Officer of Seterus and an Individual*
William Wright, *An Employee of Seterus and an Individual*
Jacob Shue, *An Officer of Seterus and an Individual*
Christy Cheasty, *An Officer of Seterus and an Individual*

FURTHER, this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated:    August 27, 2019
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge