UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH A. BUCZEK,

        Plaintiff,

 v.             **DECISION AND ORDER**
                 16-CV-268S
SETERUS LLC,
ROSICKI, ROSICKI & ASSOC., P.C.,
HSBC BANK USA, NA,
JESSICA BOOKSTAVER,
ANGELA VENNER,
TINA M. GENOVESE, and
JOHN DOES and JANE DOES,

        Defendants.

## I. INTRODUCTION

Presently before this Court are several motions to dismiss pro se Plaintiff Deborah A. Buczek's amended complaint, filed on June 12, 2017, which alleges claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., arising out of a state foreclosure action. (Docket No. 8.) For the reasons stated below, the motions to dismiss are each granted.

## II. BACKGROUND

**A. Buczek's Purchase of 7335 Derby Road**

Buczek purchased her residence at 7335 Derby Road in Derby, NY, for $110,536, on April 20, 1994. See Amended Complaint, Exhibits, Docket No. 8-1, pp. 141-42, 144. She funded the purchase through a loan for $110,536 from Republic Bank For Savings, for which she executed and delivered a note in equal amount secured by a

1

mortgage on the property.  Id. pp. 40-54, 141-42, 144.  The County Clerk's Office recorded the mortgage on April 25, 1994.  Id. p. 40.  Some 15 years later, on December 31, 2009, Defendant HSBC Bank, USA NA ("HSBC Bank") acquired the note and mortgage when it acquired Republic Bank For Savings.[1]

On September 7, 2011, Defendant Angela Venner, on behalf of Defendant HSBC Bank, executed an assignment of the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") solely as nominee for Defendant HSBC Bank.  See Amended Complaint, ¶ 7; Amended Complaint Exhibits, pp. 56-57, 74-75.  The County Clerk's Office recorded the assignment on December 19, 2011.  See Amended Complaint Exhibits, p. 55.  On May 30, 2014, MERS executed an assignment of the mortgage back to Defendant HSBC Bank, which the County Clerk's Office recorded on June 11, 2014.  See id. pp. 58-59.

**B. The State Foreclosure Action**

On July 6, 2015, Defendant HSBC Bank commenced an action to foreclose the mortgage after Buczek defaulted.  See id. pp. 2, 60.  Defendant Rosicki, Rosicki & Associates, PC ("Rosicki"), a law firm, filed the action on Defendant HSBC Bank's behalf.  See id. p. 2.  Defendants Tina Genovese and Jessica Bookstaver were attorneys employed by Rosicki at the time.  See Amended Complaint, ¶¶ 3, 4, 11, 17.

---

[1] This Court is permitted to take judicial notice of documents retrieved from official government websites. See CIT Bank N.A. v. Elliott, No. 15-CV-4395 (JS)(ARL), 2018 WL 1701947, at *2 n. 5 (E.D.N.Y. Mar. 31, 2018) (taking judicial notice of documents on FDIC website).  The FDIC website reflects Defendant HSBC Bank's acquisition of Republic Bank For Savings.  See https://banks.data.fdic.gov/bankfind-suite/bankfind/details/16019?activeStatus=0%20OR%201&bankfindLevelThreeView=History&branchOffices=true&name=Republic%20Bank%20for%20Savings&pageNumber=1&resultLimit=25 (last visited July 9, 2021).

After commencement of the action, Buczek twice moved to dismiss it on fraud and lack-of-standing grounds (once in 2015 and once in 2017), arguing that Defendant HSBC Bank was perpetrating a fraud on the court by pursuing foreclosure using false and fabricated documents because it never held the note and mortgage. See Declaration of Preston L. Zarlock ("Zarlock Decl."), Docket No. 26-1, Exhibits F, H. The state court twice denied Buczek's arguments, both times finding no fraud and that Defendant HSBC had proper standing to foreclose because it was in physical possession of and held the note on the date of commencement.[2] See Zarlock Decl., Exhibit G, p. 9; Exhibit I, pp. 5-6.

Defendant HSBC Bank thereafter moved for summary judgment, which the state court granted on March 15, 2018. See id. Exhibit J. The state court granted summary judgment in Defendant HSBC Bank's favor and ordered that Buczek's answer be stricken.[3] See id. Buczek filed an appeal on April 5, 2018. See id. Exhibit K, pp. 6-7.

On July 20, 2018, Buczek filed a Chapter 13 bankruptcy petition, which she amended on May 7, 2019, to include allegations that Defendant HSBC Bank fraudulently assigned the mortgage and lacked standing to pursue the foreclosure proceedings. See id. Exhibit N. On June 21, 2019, the bankruptcy court dismissed the

---

[2] During this time, Buczek also mounted several parallel challenges to the foreclosure. She first attempted to remove the state foreclosure action here in August 2015, but this Court remanded due to improper removal. See Buczek v. HSBC Bank, N.A., No. 15-CV-779S, Docket No. 4 (W.D.N.Y. Feb. 27, 2017). Next, Buczek commenced a small claims action against Defendant HSBC Bank in which she again challenged the authenticity of the note and standing to pursue foreclosure. That action was dismissed with prejudice on February 8, 2017. See Zarlock Decl., Exhibit M. Finally, Buczek commenced a separate action in this Court seeking rescission of the note and mortgage, which was also unsuccessful. See Buczek v. HSBC Bank, N.A., No. 15-CV-830S, 2017 WL 1131966 (W.D.N.Y. March 27, 2017).

[3] The state court also substituted Federal National Mortgage Association ("FNMA") as the plaintiff in the action in light of Defendant HSBC Bank's previous assignment of the note to FNMA post-commencement in November 2015. See Zarlock Decl., Exhibits Q and J.

petition after finding that Buczek's fraud and lack-of-standing claims were barred by res judicata and collateral estoppel given the previous judgments against her. See id. Exhibits O and P.

### C. Buczek's Amended Complaint

Buczek filed this action on April 4, 2016, during the pendency of the foreclosure action. This Court previously screened Buczek's complaint and amended complaint under 28 U.S.C. § 1915 (e)(2)(B). See, e.g., Docket No. 3 (screening complaint); Buczek v. Seterus, 16-CV-268S, 2019 WL 4118649 (W.D.N.Y. Aug. 29, 2019) (screening amended complaint). Buczek's remaining claims center around her allegations that the state foreclosure action was fraudulent and that the defendants violated several provisions of the FDCPA in the course of initiating and prosecuting it.

Buczek alleges that Defendants Rosicki and Genovese prepared and filed a fraudulent and untruthful foreclosure complaint at the request of Defendant HSBC Bank, which had no standing to pursue foreclosure because it did not hold the note and mortgage. (Amended Complaint, ¶ 3.) Buczek further alleges that Defendants Rosicki, Genovese, and HSBC Bank filed false and fraudulent documents in the course of the foreclosure proceeding, in conjunction with Defendants Venner, Bookstaver, and Seterus, LLC. (Id. at ¶¶ 3-7, 11, 17.) Those allegedly false documents included the foreclosure complaint (id. ¶ 3), an assignment of mortgage (id. ¶¶ 5, 7, 17, 18), and unspecified affidavits (id. ¶ 9).

Buczek alleges that each defendant is a "debt collector" under the statute, and that their conduct violated the FDCPA. (Id. at ¶¶ 8-11; 21-27.) She alleges, for

4

example, that "[t]he Defendants **ALL** violated the FDCPA by furnishing, presenting and relying on deceptive forms and documents compiled and furnished by them in the form of forged and counterfeit Assignments, Affidavits and non-existent notes and mortgages which were **NEVER** possessed by the Defendants in violation of 15 USC 1692." Id. ¶ 9 (caps and emphasis in original). She essentially alleges that each of the remaining defendants conspired to prosecute a fraudulent foreclosure action against her using fake and fabricated documents and misrepresenting those documents as authentic. Id. ¶¶ 9-11, 17, 18, 27.

### III. DISCUSSION

Before this Court are two motions to dismiss brought under Rule 12 (b)(6) of the Federal Rules of Civil Procedure.[4] Both seek dismissal on the basis that Buczek's claims are barred by preclusion doctrines and that she fails to state claims upon which relief can be granted. Alternatively, the defendants urge this Court to abstain as a matter of comity. Because this Court finds that Buczek's claims must be dismissed, it does not reach the defendants' alternate abstention arguments.[5]

**A. Legal Standards**

**1. Rule 12 (b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). The rule is "designed to test the

---

[4] The only non-moving defendant is Seterus LLC, which filed an answer. See Docket No. 17.

[5] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Buczek is proceeding pro se, this Court has considered her submissions and arguments accordingly.

legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue." DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2d Cir. 1996). The question, rather, is whether the complaint meets the applicable pleading standards. See Berry v. Tremblay, 9:20-CV-177 (DNH/TWD), 2021 WL 1575951, at *2 (N.D.N.Y. Apr. 22, 2021) ("The [Rule 12 (b)(6)] motion tests the legal sufficiency of the complaint and whether it conforms to Rule 8 (a)(2) of the Federal Rules of Civil Procedure.").

Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557. When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The

plausibility standard is not, however, a probability requirement: the well-pleaded allegations in the complaint need only nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint. This examination is context specific and requires that the court draw on its judicial experience and common sense. See Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth, such as conclusory allegations, labels, and legal conclusions, are identified and stripped away. See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

In considering a motion to dismiss under Rule 12 (b)(6), "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Isr. Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); see also Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). "[W]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect," thereby rendering the document "integral to the complaint." Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53

(2d Cir. 2002)). But even where a document is "integral" to the complaint, it cannot serve as the basis for dismissal unless there is no dispute as to its authenticity, accuracy, and relevance. See Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (internal citations omitted).

In pro se actions, the United States Supreme Court has rejected the idea that the plausibility standard requires amplification with factual allegations to render the claim plausible. In Erickson, the Supreme Court reversed the dismissal of a prisoner's Eighth Amendment claim, holding that the court of appeals had "depart[ed] from the liberal pleading standards" of Rule 8 (a). Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson, 127 S. Ct. at 2200). Although the Court did not clarify when the plausibility standard requires factual amplification, it noted that "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S. Ct at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

When reviewing a pro se plaintiff's complaint in the face of a motion to dismiss, a court may consider "factual allegations made by a *pro se* party in his papers opposing the motion," Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013), "documents that a *pro se* litigant attaches to his opposition papers," Agu v. Rhea, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010), and documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit, see Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

The defense of res judicata may be asserted in a Rule 12 (b)(6) motion if its availability appears from the plaintiff's pleading and the relevant facts are shown by the court's records or documents from a prior action, of which it can take judicial notice. See AmBase Corp. v. City Investing Co. Liquidating Tr., 326 F.3d 63, 72 (2d Cir. 2003) (upholding res judicata dismissal on Rule 12 (b)(6) motion based on final state court judgment); Senatore v. Ocwen Loan Servicing, LLC, 16 CV 8125 (VB), 2017 WL 3836056, at *1 n. 1 (S.D.N.Y. Aug. 31, 2017) ("When a court considers a motion to dismiss under Rule 12 (b)(6) based on res judicata, as the Court does here, it may also consider materials subject to judicial notice, including documents from a prior action."); see also Southard v. Southard, 305 F.3d 730, 732 n.1 (2d Cir. 1962).

### 2. The Preclusion Doctrines

"The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005) (internal quotation omitted); West v. Ruff, 961 F.2d 1064, 1065 (2d Cir. 1992); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984). Application of the preclusion doctrines—collateral estoppel and res judicata—serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980); Montana v. United States, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d. 210 (1979).

"To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000); see Giannone v. York Tape & Label, Inc., 548 F.3d 191, 192-93 (2d Cir. 2008). Here, state court judgments from New York are at issue.

### a. Collateral Estoppel

In New York, collateral estoppel, or issue preclusion, bars the relitigation "in a subsequent action or proceeding [of] an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." Ryan v. N.Y. Tel. Co., 467 N.E.2d 487, 490 (N.Y. 1984) (quoted in Burgos v. Hopkins, 14 F.2d 787, 792 (2d Cir. 1994)); see Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002) (noting that collateral estoppel "prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding"); United States v. Alcan Aluminum Corp., 990 F.2d 711, 718-19 (2d Cir. 1993) (the "fundamental notion [of collateral estoppel] is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies"). That is, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana, 440 U.S. at 153.

The doctrine applies in New York if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995); Schwartz v. Pub. Adm'r, 246 N.E.2d 725, 729 (N.Y. 1969). To satisfy the first requirement, the proponent must show that "[t]he issue to be decided in the second action is material to the first action or proceeding and essential to the decision rendered therein, and that it is the point actually to be determined in the second action or proceeding such that 'a different judgment in the second would destroy or impair rights or interests established by the first.'" D'Andrea v. Hulton, 81 F. Supp. 2d 440, 443 (W.D.N.Y. 1999) (quoting Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp., 165 N.E. 456, 457 (N.Y. 1929)). The party seeking to apply collateral estoppel carries the burden on the first requirement; the party seeking to avoid it carries the burden on the second. See Khandhar v. Elfenbein, 943 F.2d 244, 247 (2d Cir. 1991); Hames v. Morton Salt, Inc., No. 12-CV-394, 2015 WL 12552030, at *3 (W.D.N.Y. Apr. 10, 2015).

### b. Res Judicata

Res judicata, or claim preclusion, is a similar preclusion doctrine. It holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen, 449 U.S. at 94; Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108-09 (2d Cir. 2015) ("The doctrine precludes not only litigation between the parties (and their

privies), but also of claims that might have been raised in the prior litigation but were not."). The doctrine "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000) (citation omitted).

Under New York law, "[t]he doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." In re Josey v. Goord, 9 N.Y.3d 386, 389, 849 N.Y.S.2d 497, 880 N.E.2d 18 (N.Y. 2007) (citation and quotation omitted). New York applies a "transactional approach" to res judicata, meaning that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." In re Hunter, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 827 N.E.2d 269 (N.Y. 2005) (citation and quotation omitted); see also Burgos, 14 F.3d at 790.

Res judicata applies where (1) there is a previous judgment on the merits, (2) the previous action involved the party (or a party in privity) against whom res judicata is invoked, and (3) the claims involved were or could have been raised in the previous action. See People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122, 863 N.Y.S.2d 615, 894 N.E.2d 1 (N.Y. 2008); Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012). To determine whether claims were or could have been asserted in the first action, courts consider whether the second suit concerns "the same claim—or nucleus of operative facts—as the first suit" by assessing "(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the

underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations." Channer v. Dep't of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008) (internal quotation marks omitted). Res judicata does not apply, however, where "the initial forum did not have the power to award the full measure of relief sought in the later litigation." Burgos, 14 F.3d at 790.

### B. Defendants' Motions to Dismiss

Defendants first argue that collateral estoppel bars Buczek's claims because the issues raised in this action are the same as those resolved in the state foreclosure action, where Buczek had a full and fair opportunity to litigate them. This Court agrees.

Buczek's claim against each defendant in one form or another is that they violated the FDCPA by using false and fabricated documents to initiate and prosecute the state foreclosure action when in fact Defendant HSBC Bank lacked standing to do so because it did not hold the note and mortgage. Buczek lodged this very same claim in the foreclosure action and fully and fairly litigated it until it was resolved against her. The state court ultimately rejected Buczek's fraud allegations and found that Defendant HSBC Bank had proper standing to initiate and prosecute the foreclosure action because it physically possessed the note prior to commencement and held it at the time of commencement. See Zarlock Decl., Exhibit G. It thereafter granted summary judgment in Defendant HSBC Bank's favor. See id. Exhibit J.

Consequently, because all issues concerning standing and the alleged use of false documents were raised and resolved against Buczek, and because Buczek had a full and fair opportunity to litigate them in the state foreclosure action, the doctrine of

collateral estoppel bars their re-litigation here.[6]  See Romaka v. H&R Block Mortg. Corp., No. 17-cv-7411 (JJ)(ARL), 2018 WL 4783979, at *6 (E.D.N.Y. Sept. 30, 2018) (applying collateral estoppel to bar FDCPA claims arising out of a state foreclosure action); Rutty v. Esagoff, No. 17-CV-1485 (BMC)(VMS), 2017 WL 2178432, at *2 (E.D.N.Y. May 17, 2017) (finding that "[b]y virtue of the doctrine of collateral estoppel, plaintiff is precluded from claiming that the foreclosure was improper . . . and the myriad other factual issues" that were adjudicated in the foreclosure proceeding in connection with claims under the FDCPA and state law); see also Kravitz v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrera & Wold, LLP, No. 2:14-cv-7031 (DRH)(AYS), 2019 WL 1471128, at *5 (E.D.N.Y. Apr. 3, 2019) (extending collateral estoppel bar to FDCPA claims brought against law firm representing client).  Defendants' respective motions to dismiss on collateral estoppel grounds will therefore be granted.

Defendants next argue that res judicata also bars Buczek's claims.  This Court agrees.  First, the state court "Order Granting Summary Judgment" and the small claims court "Order Denying Plaintiff's Motion and Granting Defendant's Cross-Motion" are previous judgments on the merits.  See Borrani v. Nationstar Mortg., Inc., 820 F. App'x 20, 23 (2d Cir. 2020) (holding that a grant of summary judgment in a state-court foreclosure action was a final judgment on the merits); Yeiser v. GMAC Mort. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008) (finding that "the state court decision granting MERS's motion for summary judgment [in a foreclosure action] was a final decision on

---

[6] Because these issues are settled and cannot be re-visited, Buczek's cross-motion for discovery aimed at challenging the authenticity of the documents used in the foreclosure proceeding must be denied.  See Gallaher v. US Bank N.A., No. 3:14-CV-1877 (VLB), 2016 WL 1118239, at *11 (D. Conn. Mar. 22, 2016) ("the Gallahers' contention that the Defendants violated the FDCPA by not verifying the debt, indirectly challenges the validity of the documents US Bank provided in obtaining the strict foreclosure judgment, and is thus barred by the doctrines of res judicata and collateral estoppel").

the merits" for purposes of res judicata) (collecting cases); Simmons v. Trans Express Inc., 355 F. Supp. 3d 165, 168 (E.D.N.Y. 2019) ("As a fundamental rule, res judicata applies to judgments of New York's small claims courts.").

Second, Buczek was indisputably a party to both the state foreclosure action and the small claims court action, as were Defendant HSBC Bank and its privies. Third, as previously discussed, the very claims Buczek asserts in this action were previously resolved in both the foreclosure and small claims court actions. That is, the state courts have soundly and firmly rejected Buczek's fraud claims and instead found that Defendant HSBC Bank had proper standing to initiate and prosecute the state foreclosure action.

Thus, because all the required elements for res judicata are met, Defendants' motions must be granted and Buczek's claims dismissed. See Wilson v. HSBC Bank, USA, No. 16-CV-8405 (NSR), 2018 WL 1449204, at *11 (S.D.N.Y. Mar. 22, 2018) (dismissing FDCPA claims as barred by res judicata from state foreclosure action); Werner v. Selene Fin., No. 17-CV-6514 (NSR), 2019 WL 1316465, at *7 (S.D.N.Y. Mar. 22, 2019) (similar); Yeiser, 535 F. Supp. 2d at 422 (granting motion to dismiss based on preclusive effect of prior state foreclosure action).

Finally, Defendants persuasively argue that Buczek fails to adequately state claims under the FDCPA. First, given the settled finding that Defendant HSBC Bank properly held the note, it is a creditor, not a debt collector. See Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."); 15 U.S.C. § 1692a (4). Second, Buczek pleads no facts in

support of her formulaic recitation that "**ALL** the Defendants herein are under the FDCPA (15 USC Section 1692a) are "debt collectors" only as a matter of law." See Silvester v. Selene Fin. LP, No. 7:18-CV-2425 (NSR), 2019 WL 1316475, at *8 (S.D.N.Y. Mar. 21, 2019) (finding "conclusory allegation that Defendants are 'debt collectors' within the meaning of the act" insufficient to withstand motion to dismiss); Weir v. Cenlar FSB, No. 16-CV-8650 (CS), 2018 WL 3443173, at *8 (S.D.N.Y. July 17, 2018) (dismissing FDCPA claim where "Plaintiffs allege in entirely conclusory terms that Defendants are debt collectors"). Third, Buczek fails to adequately plead *facts* in support of her claims, instead relying on legal conclusions and unsupported accusations. Fourth, Buczek's claims for declaratory and injunctive relief fail because the FDCPA does not provide for such relief. See Hines v. HSBC Bank USA, No. 15-CV-3082 (CBA) (MDG), 2016 WL 5716749, at *6 (E.D.N.Y. Sept. 30, 2016) (dismissing FDCPA claims seeking declaratory and injunctive relief and collecting cases).

Accordingly, for the reasons stated above, Defendants' respective motions to dismiss will be granted.[7]

## C. Leave to Amend

The Second Circuit has held that "a district court should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." Garcia v. Superintendent of Great Meadow Corr. Facility, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). This Court has already permitted Buczek to amend her complaint. Any further amendment would be futile

---

[7] Buczek's amended complaint will also be dismissed as to non-appearing Defendant Angela Venner, a former employee of Defendant HSBC Bank, on the basis that the allegations against her are the same as those lodged against the other moving defendants and would therefore be barred by the same analysis set forth herein.

since Buczek's claims are plainly foreclosed by the preclusion doctrines, as explained above. Leave to amend will therefore not be granted.[8]

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss will be granted on the grounds that Buczek's FDCPA claims are barred by the preclusion doctrines and she otherwise fails to state claims upon which relief can be granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motions to Dismiss (Docket Nos. 26, 29) are GRANTED.

FURTHER, that leave to file an amended complaint is DENIED, and the claims alleged against Defendants HSBC Bank USA, NA; Rosicki Rosicki & Associates, P.C.; Jessica Bookstaver; Angela Venner; and Tina M. Genovese are DISMISSED WITH PREJUDICE.

FURTHER, that Plaintiff's Cross-Motion for Discovery (Docket No. 40) is DENIED.

FURTHER, that the request to impose a filing injunction against Plaintiff is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal

---

[8] In addition to opposing leave to amend, Defendants Rosicki, Bookstaver, and Genovese briefly request that this Court sanction Buczek with a filing injunction due to her multiple attacks on the state foreclosure proceedings. Defendants have not, however, made a sufficient showing that such relief is warranted.

17

as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: July 11, 2021
Buffalo, New York

s/William M. Skretny
WILLIAM M.  SKRETNY
United States District Judge