UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH A. BUCZEK,

                Plaintiff,

v.                                   **DECISION AND ORDER**
                                                  16-CV-268S

SETERUS LLC,
ROSICKI, ROSICKI & ASSOC., P.C.,
HSBC BANK USA, NA,
JESSICA BOOKSTAVER,
ANGELA VENNER,
TINA M. GENOVESE, and
JOHN DOES and JANE DOES,

                Defendants.

## I. INTRODUCTION

Presently before this Court is Defendant Seterus LLC's motion for judgment on the pleadings or, in the alternative, for summary judgment, as it relates to pro se[1] Plaintiff Deborah A. Buczek's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., arising out of a state foreclosure action. (Docket No. 81.) For the reasons stated below, Seterus's motion for judgment on the pleadings will be granted, the alternative request for summary judgment will be denied as moot, and this case will be dismissed with prejudice.[2]

---

[1] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Buczek is proceeding pro se, this Court has considered her submissions and arguments accordingly.

[2] This Court previously dismissed Buczek's claims against all other named defendants. See Buczek v. Seterus LLC, 16-CV-268S, 2021 WL 2917684 (W.D.N.Y. July 12, 2021).

1

## II.  BACKGOUND

Buczek's claims center around her allegations that a state foreclosure proceeding involving her residence at 7335 Derby Road in Derby, NY, was fraudulent and that certain individuals and entities, including Seterus, violated several provisions of the FDCPA in the course of initiating and prosecuting it.  As it relates specifically to Seterus, Buczek claims that it filed false and fraudulent documents in the course of the foreclosure proceeding, in conjunction with others.  See Amended Complaint, Docket No. 8, ¶¶ 9-11, 17.  Those allegedly false documents included the foreclosure complaint (id. ¶ 3), an assignment of mortgage (id. ¶¶ 5, 7, 17, 18), and unspecified affidavits (id. ¶ 9).

One such document refers specifically to Defendant Seterus.  Buczek alleges that a May 16, 2017 Notice of Assignment indicating that her mortgage loan was sold, assigned, or transferred to MTGLQ Investors, L.P., was "counterfeit" and contained "an identifying number to an imaginary 'Seterus' loan."  Id. ¶ 17; Amended Complaint Exhibits, Docket No. 84-1, pp. 256-59.  According to Buczek, "the document was so hastily counterfeited that at the time HSBC robosigners did not even take the time to properly spell their old servicer 'Seterus' and they misspelled it 'Seterus' on an alleged legal document sent to this Plaintiff."  Amended Complaint, ¶ 17 (same spelling of "Seterus" in original).

Buczek alleges that all defendants are debt collectors who violated the FDCPA.  Id. ¶¶ 8-11; 21-27.  She alleges, for example, that "[t]he Defendants **ALL** violated the FDCPA by furnishing, presenting and relying on deceptive forms and documents

compiled and furnished by them in the form of forged and counterfeit Assignments, Affidavits and non-existent notes and mortgages which were **NEVER** possessed by the Defendants in violation of 15 USC 1692." Id. ¶ 9 (caps and emphasis in original). Essentially, Buczek alleges that the defendants, including Seterus, conspired to prosecute a fraudulent foreclosure action against her using fake and fabricated documents and misrepresenting those documents as authentic. Id. ¶¶ 9-11, 17, 18, 27.

This is not the first time the arguments raised in Seterus's motion have been before this Court. Earlier in this litigation, the named defendants other than Seterus filed pre-answer motions to dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. In a July 12, 2021 decision, this Court granted the defendants' motions and dismissed Buczek's claims against them with prejudice. See Buczek v. Seterus LLC, 16-CV-268S, 2021 WL 2917684 (W.D.N.Y. July 12, 2021). The findings in that decision are relevant here, and full familiarity with the decision is presumed.

This Court first found that previous state-court determinations have preclusive effect in this litigation. See id. at *4-7. On July 6, 2015, HSBC Bank commenced the action to foreclose the mortgage on Buczek's residence after she defaulted. Buczek twice moved to dismiss the action on fraud and lack-of-standing grounds (once in 2015 and once in 2017), arguing that HSBC Bank was perpetrating a fraud on the court by pursuing foreclosure using false and fabricated documents because it never held the note and mortgage. The state court twice denied Buczek's arguments, both times finding no fraud and that HSBC had proper standing to foreclose because it was in

3

physical possession of and held the note on the date of commencement.[3]  See Declaration of Charles H. Jeanfreau ("Jeanfreau Decl."), Esq., Docket No. 81-2, Exhibit C, p. 9; Exhibit D, pp. 5-6.

HSBC Bank thereafter moved for summary judgment.  See Buczek v. Seterus LLC, 16-CV-268S, 2021 WL 2917684, at *2 (W.D.N.Y. July 12, 2021) (relaying background).  The state court granted summary judgment in Defendant HSBC Bank's favor on March 15, 2018, and ordered that Buczek's answer be stricken.  See id.  Buczek filed an appeal on April 5, 2018.  See id.

On July 20, 2018, Buczek filed a Chapter 13 bankruptcy petition, which she amended on May 7, 2019, to include allegations that HSBC Bank fraudulently assigned the mortgage and lacked standing to pursue the foreclosure proceedings.  See id.  On June 21, 2019, the bankruptcy court dismissed the petition after finding that Buczek's fraud and lack-of-standing claims were barred by res judicata and collateral estoppel given the previous judgments against her.  See id.

Considering this history and the state-court findings, this Court found that collateral estoppel bars Buczek's present claims because they raise the same issues previously resolved in the state-court foreclosure action, where Buczek had a full and fair opportunity to litigate them.  See id. at *6.  This Court explained as follows:

---

[3] During this time, Buczek also mounted several parallel challenges to the foreclosure.  She first attempted to remove the state foreclosure action here in August 2015, but this Court remanded due to improper removal.  See Buczek v. HSBC Bank, N.A., No. 15-CV-779S, Docket No. 4 (W.D.N.Y. Feb. 27, 2017).  Next, Buczek commenced a small claims action against Defendant HSBC Bank in which she again challenged the authenticity of the note and standing to pursue foreclosure.  That action was dismissed with prejudice on February 8, 2017.  See Buczek, 2021 WL 2917684, at *1 n.2 (relaying background).  Finally, Buczek commenced a separate action in this Court seeking rescission of the note and mortgage, which was also unsuccessful.  See Buczek v. HSBC Bank, N.A., No. 15-CV-830S, 2017 WL 1131966 (W.D.N.Y. March 27, 2017).

> Buczek's claim against each defendant in one form or another is that they violated the FDCPA by using false and fabricated documents to initiate and prosecute the state foreclosure action when in fact Defendant HSBC Bank lacked standing to do so because it did not hold the note and mortgage.  Buczek lodged this very same claim in the foreclosure action and fully and fairly litigated it until it was resolved against her.  The state court ultimately rejected Buczek's fraud allegations and found that Defendant HSBC Bank had proper standing to initiate and prosecute the foreclosure action because it physically possessed the note prior to commencement and held it at the time of commencement.  It thereafter granted summary judgment in Defendant HSBC Bank's favor.
>
> Consequently, because all issues concerning standing and the alleged use of false documents were raised and resolved against Buczek, and because Buczek had a full and fair opportunity to litigate them in the state foreclosure action, the doctrine of collateral estoppel bars their re-litigation here.

Id. (citations omitted).

Second, this Court found that the doctrine of res judicata also barred Buczek's claims because (1) the state court's order granting summary judgment and the small claims court's order were previous judgments on the merits, (2) Buczek was a party to both the state foreclosure action and the small claims court action, and (3) Buczek's claims in this action were previously raised and resolved in the foreclosure and small claims actions.  See id. at *6-7.

Third, this Court found that Buczek failed to adequately state claims under the FDCPA because (1) HSBC Bank is a creditor, not a debt collector, (2) no facts were pleaded in support of the formulaic allegation that all defendants were "debt collectors," (3) Buczek failed to plead sufficient facts in support of her claims and instead relied on

legal conclusions and unsupported accusations, and (4) declaratory and injunctive relief are unavailable under the FDCPA. Id. at *7.

Finally, this Court denied leave to amend on futility grounds, since Buczek's claims were plainly foreclosed by collateral estoppel and res judicata. Id.

### III. DISCUSSION

Having answered and engaged in discovery, Seterus now moves for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil procedure or, in the alternative, for summary judgment under Rule 56. As did the other named defendants, Seterus argues that Buczek's claims are barred by the collateral estoppel and res judicata effects of the state-court judgments, and that Buczek otherwise fails to state claims upon which relief can be granted. In short, Seterus argues that it is entitled to judgment on the pleadings and dismissal of this case with prejudice for the same reasons and under the same analysis set forth in this Court's previous decision.

Buczek argues in opposition that the preclusion doctrines do not bar her claims against Seterus and that summary judgment is precluded because she failed to receive proper notice of Seterus's motion.

At the outset, this Court will consider Seterus's motion only under Rule 12 (c), there being no need to consider Seterus's alternative request for summary judgment. Rule 12 (c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12 (c). Courts faced with motions under Rule 12 (c) apply

6

the same standard used to decide motions brought under Rule 12 (b).  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12 (b)(6).  The rule is "designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue."  DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2d Cir. 1996).  The question, rather, is whether the complaint meets the applicable pleading standards.  See Berry v. Tremblay, 9:20-CV-177 (DNH/TWD), 2021 WL 1575951, at *2 (N.D.N.Y. Apr. 22, 2021) ("The [Rule 12 (b)(6)] motion tests the legal sufficiency of the complaint and whether it conforms to Rule 8 (a)(2) of the Federal Rules of Civil Procedure.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  Iqbal, 556 U.S. at 678.  The plausibility standard is not, however, a probability requirement: the well-pleaded allegations in the complaint need only nudge the claim "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

For pro se actions, the United States Supreme Court has rejected the idea that the plausibility standard requires amplification with factual allegations to render the claim plausible.  In Erickson, the Supreme Court reversed the dismissal of a prisoner's

Eighth Amendment claim, holding that the court of appeals had "depart[ed] from the liberal pleading standards" of Rule 8 (a). Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson, 127 S. Ct. at 2200). Although the Court did not clarify when the plausibility standard requires factual amplification, it noted that "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S. Ct at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

When reviewing a pro se plaintiff's complaint in the face of a motion to dismiss, a court may consider "factual allegations made by a *pro se* party in his papers opposing the motion," Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013), "documents that a *pro se* litigant attaches to his opposition papers," Agu v. Rhea, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010), and documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit, see Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

The defense of res judicata may be asserted in a Rule 12 (b)(6) motion if its availability appears from the plaintiff's pleading and the relevant facts are shown by the court's records or documents from a prior action, of which it can take judicial notice. See AmBase Corp. v. City Investing Co. Liquidating Tr., 326 F.3d 63, 72 (2d Cir. 2003) (upholding res judicata dismissal on Rule 12 (b)(6) motion based on final state court judgment); Senatore v. Ocwen Loan Servicing, LLC, 16 CV 8125 (VB), 2017 WL 3836056, at *1 n. 1 (S.D.N.Y. Aug. 31, 2017) ("When a court considers a motion to

dismiss under Rule 12 (b)(6) based on res judicata, as the Court does here, it may also consider materials subject to judicial notice, including documents from a prior action."); see also Southard v. Southard, 305 F.3d 730, 732 n.1 (2d Cir. 1962).

Seterus argues that Buczek's claims are barred by the collateral estoppel and res judicata effects of the state-court judgments, and that Buczek otherwise fails to state claims upon which relief can be granted. This Court agrees. Buczek's claims that Seterus and the other defendants fabricated documents and submitted fraudulent evidence to pursue a baseless foreclosure action were soundly and finally resolved against her in the state-court proceedings. This bars Buczek's FDCPA claims here, since the factual underpinnings of them have been resolved against her. Buczek's allegations against Seterus also fail to state a claim upon which relief can be granted, for all of the reasons set forth in this Court's previous decision. Since the claims against Seterus are indistinguishable from those this Court previously dismissed, Seterus's motion for judgment on the pleadings seeking to dismiss the claims with prejudice must be granted.

Buczek's arguments in opposition to Seterus's motion do not compel a different result. First, she argues that the preclusion doctrines do not bar her claims because Seterus was not a party to the state-court actions. See Memorandum of Law, Docket No. 84-1, pp. 3, 12. But collateral estoppel applies in New York if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995); Schwartz v.

9

Pub. Adm'r, 246 N.E.2d 725, 729 (N.Y. 1969).  And res judicata applies if (1) there is a previous judgment on the merits, (2) the previous action involved the party (or a party in privity) against whom res judicata is invoked, and (3) the claims involved were or could have been raised in the previous action.  See People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122, 863 N.Y.S.2d 615, 894 N.E.2d 1 (N.Y. 2008); Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012).  Thus, neither preclusion doctrine requires Seterus to have been a party in the previous state-court actions.

Buczek next argues that Seterus's motion cannot be granted because this Court found her Amended Complaint sufficient at the screening stage.  See Memorandum of Law, Docket No. 84-1, pp. 11-12 ("This Court has already determined the Amended Complaint to have merit and determine[d] the Complaint to be sufficient, thereby surviving any attempt to have it dismissed or determined upon a summary judgment.")  Buczek is mistaken.

Screening under 28 U.S.C. § 1915 is preliminary.  "Complaints reviewed under that standard must pass only a very low threshold of scrutiny imposed by the Court.  Section 1915 reviews in no way preclude defendants from filing subsequent motions to dismiss."  Mendez v. Moonridge Neighborhood Ass'n, Inc., Case No. 1:19-cv-507-DCN, 2021 WL 276694, at *3 (D. Idaho Jan. 26, 2021) (citing Cusamano v. Sobek, 604 F. Supp. 2d 416, 434-35 (N.D.N.Y. 2009) (rejecting the argument that "the Court is essentially estopped from dismissing [a] claim under 28 U.S.C. § 1915 (e)(2)(B)(ii), 1915A (b), because it reviewed and accepted [the] Complaint")); see also Forbes v.

Doe, 6:18-cv-6700 EAW, 2021 WL 810020, at *1 n.1 (W.D.N.Y. Mar. 3, 2021) ("The Court allowing a claim to proceed to service following initial screening pursuant to § 1915 (e) and/or § 1915A does not preclude a later dismissal of that complaint under [Rule 12 (b)(6)].); Jackson v. Dayton, Case No. 15-CV-4429 (WMW/TNL), 2016 WL 11198354, at *3 (D. Minn. Dec. 16, 2016) ("Jackson is therefore incorrect that the Court, by allowing this matter to survive screening, had ruled definitively on the sufficiency of his pleading."). This Court's screening decision pursuant to 28 U.S.C. § 1915 (e)(2)(B)[4] thus determined only that Buczek stated claims sufficient to proceed to service. It does not serve to bar Seterus's instant motion.

Third, Buczek baldly argues that "Defendants [sic] have failed to demonstrate, at any time, that any of the allegations raised by this Plaintiff have ever been adjudicated." Memorandum of Law, Docket No. 84-1, p. 11. This argument flatly ignores this Court's previous findings underlying its conclusion that the preclusion doctrines apply. See Buczek, 2021 WL 2917684, at *6-7. In the absence of any specific, meaningful contentions or arguments otherwise, these findings are the law of the case. See Doe v. E. Lyme Bd. of Educ., 962 F.3d 649, 662 (2d Cir. 2020) (explaining that the law of the case doctrine states that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise") (citations omitted).

Finally, Buczek argues that Seterus's alternative request for summary judgment cannot be granted because notice of its motion was deficient. See Memorandum of Law, Docket No. 84-1, pp. 4-10. In particular, Buczek maintains that she did not receive

---

[4] See Buczek v. Seterus LLC, 16-CV-268S, 2019 WL 4118649 (W.D.N.Y. Aug. 29, 2019).

11

the notice due pro se litigants. This Court need not reach these arguments because summary judgment is not considered. It is noted, however, that while Seterus's notice of motion and certificate of service do not specifically contain the term "summary judgment," Rule 56 is cited in both documents, and Seterus included the Rule 56 notice due pro se litigants in its filing. See Docket No. 81 (notice of motion); Docket No. 81-9 (Important Notice to Pro Se Litigants); Docket No. 83 (certificate of service).

## IV. CONCLUSION

For the reasons stated above, Seterus's motion for judgment on the pleadings will be granted on the grounds that Buczek's FDCPA claims are barred by the preclusion doctrines and because she otherwise fails to state claims upon which relief can be granted. Consistent with this Court's previous decision, leave for further amendment of the complaint would be futile since Buczek's claims are plainly foreclosed. Leave to amend is therefore denied, and Buczek's claims against Seterus will be dismissed with prejudice.[5]

## V. ORDERS

IT HEREBY IS ORDERED, that Seterus's motion for judgment on the pleadings (Docket No. 81) is GRANTED, and that Seterus's alternative request for summary judgment is DENIED AS MOOT.

---

[5] The claims against John Does and Jane Does—the only remaining defendants after Seterus's dismissal—will also be dismissed with prejudice *sua sponte*. The Amended Complaint contains no specific allegations against the Doe defendants, who appear only in the caption, and Buczek has not identified these individuals in the seven years since filing her Amended Complaint. See Chernofsky v. GC Servs. Ltd. P'ship, 20-cv-5529 (BMC), 2023 WL 8258799, at *4 n. 5 (E.D.N.Y. Nov. 29, 2023) (dismissing John Doe defendants *sua sponte* for failure to identify). In any event, there is no indication that the claims against the Doe defendants would be materially distinguishable from those asserted against the named defendants, and therefore, such claims would be subject to dismissal on the same grounds. See Leftridge v. Jud. Branch, No. 3:22-cv-411 (JAM), 2023 WL 4304792, at *12 (D. Conn. June 30, 2023) (dismissing claims against unidentified defendants who were "tacked on to allegations against" on the same grounds as dismissal of the named defendants).

FURTHER, that leave to file an amended complaint is DENIED, and the claims alleged against Seterus LLC and John Does and Jane Does are DISMISSED WITH PREJUDICE.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Plaintiff at her address of record.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      March 27, 2024
            Buffalo, New York

                                              s/William M. Skretny
                                            WILLIAM M.  SKRETNY
                                          United States District Judge